**SO ORDERED.**

**SIGNED this 11th day of January, 2012.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE

_____

# United States Bankruptcy Court
Western District of Texas
San Antonio Division

| | |
|---|---|
| In re | Bankr. Case No. |
| Eddie Hernandez | 10-53962-C |
| *Debtor* | Chapter 7 |
| Eddie Hernandez | |
| *Plaintiff* | |
| v. | Adv. No. 11- 5126-C |
| United States of America (IRS) | |
| *Defendant* | |

**DECISION AND ORDER ON MOTION FOR SUMMARY JUDGMENT**

Came on for consideration the foregoing matter. The court GRANTS summary judgment in favor of the defendant, for the reasons stated herein.

**Background**

Hernandez (the "Debtor") filed for Chapter 7 on October 8, 2010. He received his discharge on January 18, 2011. On August 3, 2011, the Debtor filed this adversary

proceeding, seeking a declaration that certain tax debts for the years 1999-2006 are not excepted from his discharge under section 523(a)(1)(B). The IRS has filed this motion for summary judgment on November 28, 2011, arguing, in short, that the Debtor's tax debts for the years 1999, 2003 and 2004 *are* excepted from discharge because they are debts for which returns were not "filed" within the meaning of 11 U.S.C. § 523(a)(1)(B)(i).

The Debtor has stipulated to the IRS's statement of undisputed facts. This case thus presents a pure issue of law that may be properly decided on summary judgment.

The undisputed facts, as stated by the IRS, are as follows:

1. Debtor failed to file a federal income tax return for the 1999 tax period on or before its due date of April 15, 2000. Debtor did not file a request for an extension of time to file his 1999 return. Under the authority granted by I.R.C. § 6020(b), the IRS prepared a substitute for return for 1999 on or about November 15, 2005. Based upon this § 6020(b) return, the IRS assessed tax for 1999 on or about August 7, 2006. The Debtor subsequently filed an income tax return for 1999 on or about February 15, 2008.

2. Debtor failed to file a federal income tax return for the 2000 tax period on or before its due date of April 15, 2001. Debtor filed a request for an extension of time to file his 2000 return to August 30, 2001, but did not file his return at that time. The IRS did not prepare a § 6020(b) substitute for return for 2000. The Debtor filed an income tax return for 2000 on or about February 15, 2008.

3. Debtor failed to file a federal income tax return for the 2001 tax period on or before its due date of April 15, 2002. Debtor did not file a request for an extension of time to file his 2001 return. Under the authority granted by I.R.C. § 6020(b), the IRS prepared a substitute for return for 2001 on or about November 15, 2005. Based upon

this § 6020(b) return, the IRS assessed tax for 2001 on or about August 14, 2006. The Debtor subsequently filed an income tax return for 2001 on or about February 15, 2008.

4. Debtor failed to file a federal income tax return for the 2002 tax period on or before its due date of April 15, 2003. Debtor did not file a request for an extension of time to file his 2002 return. Under the authority granted by I.R.C. § 6020(b), the IRS prepared a substitute for return for 2002 on or about July 12, 2006. Based upon this § 6020(b) return, the IRS assessed tax for 2002 on or about July 9, 2007. The Debtor subsequently filed an income tax return for 2002 on or about February 29, 2008.

5. Debtor failed to file a federal income tax return for the 2003 tax period on or before its due date of April 15, 2004. Debtor did not file a request for an extension of time to file his 2003 return. Under the authority granted by I.R.C. § 6020(b), the IRS prepared a substitute for return for 2003 on or about July 12, 2006. Based upon this § 6020(b) return, the IRS assessed tax for 2003 on or about August 27, 2007. The Debtor subsequently filed an income tax return for 2003 on or about February 6, 2008.

6. Debtor failed to file a federal income tax return for the 2004 tax period on or before its due date of April 15, 2005. Debtor filed a request for an extension of time to file his 2004 return to August 15, 2005, but did not file a return at that time. Under the authority granted by I.R.C. § 6020(b), the IRS prepared a substitute for return for 2004 on or about July 12, 2006. Based upon this § 6020(b) return, the IRS assessed tax for 2004 on or about August 27, 2007. The Debtor subsequently filed an income tax return for 2004 on or about February 6, 2008.

7. Debtor failed to file a federal income tax return for the 2005 tax period on or before its due date of April 15, 2006. Debtor filed a request for an extension of time to

file his 2005 return to October 15, 2006, but did not file his return at that time. The IRS did not prepare a § 6020(b) substitute for return for 2005. The Debtor filed an income tax return for 2005 on or about February 6, 2008.

8. Debtor failed to file a federal income tax return for the 2006 tax period on or before its due date of April 15, 2007. Debtor did not file a request for an extension of time to file his 2006 return. The IRS did not prepare a § 6020(b) substitute for return for 2006. The Debtor filed an income tax return for 2006 on or about February 7, 2008.

9. The IRS did not make § 6020(b) assessments for the years 2000, 2005, and 2006, and the Debtor filed delinquent returns in February 2008 for each year. The United States admits that because Debtor filed these returns more than two years before the petition date, the liabilities for 2000, 2005, and 2006, are not excepted from the discharge under Bankruptcy Code § 523(a)(1)(B)(ii). As shown on the IRS certified transcripts, the IRS has already zeroed out the balances for these years.

10. Although the IRS prepared a § 6020(b) return for 2001, the only unpaid balance for this year was for penalties and associated interest. The United States agrees penalties are dischargeable even if the underlying tax is excepted from discharge. Therefore, as shown on the IRS certified transcript, the IRS has already zeroed out the balance for 2001.

11. Although the IRS prepared a § 6020(b) return for 2002, the only unpaid balance for this year was for penalties and associated interest. The United States agrees penalties are dischargeable even if the underlying tax is excepted from discharge. Therefore, as shown on the IRS certified transcripts, the IRS has already zeroed out the balance for 2002.

To summarize, the years in dispute and the account balances as of November 21, 2011 are as follows:

| TAX YEAR | BALANCE |
|---|---|
| 1999 | $49,617.32 |
| 2003 | $40,123.95 |
| 2004 | $51,985.24 |

The IRS argues that, because it assessed the Debtor's taxes for 1999, 2003 and 2004 long before the Debtor (untimely) filed tax returns for those years, those tax debts should be excepted from discharge under section 523(a)(1)(B)(i) as not having been "filed" within the meaning of section 523(a)(1)(B)(i). The IRS notes that the § 6020 return for 1999 was prepared in November 2005 and assessed in August 2006, and those for 2003 and 2004 were both prepared in July 2006 and assessed in August 2007. The Debtor did not file any returns until February 2008, at which time he filed returns for each year from 1999 through 2006.

## Discussion

Section 523(a)(1) provides that the discharge provided in section 727(a)(1) "does not discharge an individual debtor from any debt . . . for a tax . . . with respect to which a return . . . if required . . . was not *filed* or given." 11 U.S.C. § 523(a)(1)(B)(i). Section 523 (a) was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") (emphasis added). An unnumbered paragraph was added following the numbered paragraphs of section 523(a), addressing the meaning of "filed" in subsection (a)(1). The added paragraph states:

> For purposes of this subsection, the term "return" means a return that satisfies the requirements of applicable nonbankruptcy law (including

>applicable filing requirements). Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankrupcty tribunal, but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986, or a similar State or local law.

11 U.S.C. § 523(a)(*).

Prior to 2005, a four-part test was employed to determine whether a given return was "filed" within the meaning of section 523(a)(1). *See United States v. Hindenlang (In re Hindenlang),* 164 F.3d 1029, 1033 (6th Cir. 1999), *cert. denied,* 528 U.S. 810 (1999). With the adoption of the unnumbered paragraph quoted above, post-BAPCPA courts have departed from the *Hindenlang* four-part test, concluding instead that the newly enacted language means that late filed returns can *never* qualify as filed, for purposes of section 523(a)(1), save for the narrow exception carved out in the added paragraph. *See, e.g., Cannon v. United States (In re Cannon),* 451 B.R. 204, 206 (Bankr. N.D.Ga. 2011); *Links v. United States (In re Links),* 2009 WL 2966162, at *5 (Bankr. N.D.Ohio Aug. 21, 2009); *Creekmore v. Internal Revenue Serv. (In re Creekmore),* 401 B.R. 748, 751 (Bankr. N.D.Miss. 2008).

The foregoing cases might have been persuasive, but a recent decision by the Fifth Circuit is dispositive. In *McCoy v. Mississippi State Tax Commission (In re McCoy)*, 2010 U.S. App. LEXIS 62 (5th Cir. Jan. 4, 2012), the Fifth Circuit addressed a case with similar facts that presented the same issue as that raised by the case at hand—whether a late-filed tax return constitutes a "return" as that term is defined in section 523(a)(*) such that the underlying tax debt is not excepted from discharge under section 523(a)(1)(B)(i). *McCoy* involved state income tax returns as opposed to federal income tax

returns, but the Fifth Circuit recognized that its interpretation of section 523(a) applies equally to state and federal tax returns. *McCoy*, 2012 U.S. App. LEXIS 62, at *15.

In McCoy, the debtor filed a post-discharge adversary proceeding against the IRS seeking a declaration that her tax debts to the State of Mississippi, resulting from pre-petition income tax obligations for the 1998 and 1999 tax years, had been discharged in bankruptcy. *Id.* at *2. The Mississippi State Tax Commission ("MSTC"), in its motion to dismiss the debtor's adversary proceeding, argued that,

> because the state income returns filed by McCoy for the 1998 and 1999 tax years were filed late, they did not qualify as 'returns' under the definition provided in 11 U.S.C. § 523(a)(*), a provision added to the Bankruptcy Code as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), 119 Stat. 23, Pub. L. 109-8 (Apr. 20, 2005). MSTC further argued that because the late-filed returns did not qualify as 'returns' for discharge purposes, McCoy's income tax debts to Mississippi cannot be discharged in bankruptcy. See 11 U.S.C. § 523(a)(1)(B)(i) ("A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . for a tax . . . with respect to which a return, or equivalent report or notice, if required . . . was not filed or given . . . .").

*Id.* at *3. As here, the parties in *McCoy* did not dispute that, under Mississippi law, McCoy had filed her 1998 and 1999 state tax returns (due on April 15, 1999 and April 15, 2000, respectively) late. "The parties disagree[d], however, over whether McCoy's failure to comply with Mississippi's filing requirements prevent[ed] the filings that she submitted late from being 'returns' for bankruptcy discharge purposes. MSTC contend [ed] that McCoy's failure to file in the time required under Mississippi's tax law [was] a failure to satisfy the applicable nonbankruptcy law referenced in § 523(a). This, MSTC argue[d], mean[t] that McCoy's late-filed returns [could not] be considered tax returns for bankruptcy discharge purposes under the plain language of the statute." *Id.* at *10-11. McCoy disputed the taxing authority's reading of section 523(a)(*) and urged the

bankruptcy court to apply the four-part pre-BAPCPA test used by courts to determine whether a late-filed tax return constitutes a "return" for discharge purposes. *Id.* at *12.

In discussing the definition of "return" found in section 523(a)(*), the Fifth Circuit noted:

> Section 6020(a) returns are those in which a taxpayer who has failed to file his or her returns on time nonetheless discloses all information necessary for the I.R.S. to prepare a substitute return that the taxpayer can then sign and submit. See 26 U.S.C. § 6020(a). In contrast, a § 6020 (b) return is one in which the taxpayer submits either no information or fraudulent information, and the I.R.S. prepares a substitute return based on the best information it can collect independently. See 26 U.S.C. § 6020 (b).

*Id.* at *11. In rejecting the debtor's argument that the taxing authority's reading of section 523(a)(*) (*i.e.* that a finding that late filings are not "returns" under section 523(a)(*)) would render the final portion of that section superfluous, the court explained:

> Since filings under § 6020 of the Internal Revenue Code are not returns that satisfy 'applicable filing requirements,' [as mandated by section 523 (a)(*)'s definition of "return"] this second sentence [of section 523(a)(*)] simply explains that returns filed pursuant to § 6020(a) do qualify as returns for discharge purposes, while those filed pursuant to § 6020(b) do not. In other words, this second sentence in § 523(a)(*) carves out a narrow exception to the definition of 'return' for § 6020(a) returns, while explaining that § 6020(b) returns, in contrast, do not qualify as returns for discharge purposes. Such a reading conforms with the plain language of the text and leaves no portion of § 523(a)(*) superfluous. …
>
> In passing § 523(a), Congress made clear that '[i]n general, tax claims which are nondischargeable, despite a lack of priority, are those to whose staleness the debtor contributed by some wrong-doing or serious fault . . . .' S. Rep. No. 95-989 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5800. Congress, when later drafting § 523(a)(*) to differentiate between § 6020(a) and § 6020(b) returns, likely wanted to reward taxpayers who cooperated with the I.R.S. …
>
> In light of all these considerations, we adopt the reading of § 523(a)(*) suggested by MSTC and the bankruptcy courts: Unless it is filed under a 'safe harbor' provision similar to § 6020(a), a state income tax return that

> is filed late under the applicable nonbankruptcy state law is not a 'return' for bankruptcy discharge purposes under § 523(a). ...

*Id.* at *19-22.

Although the *McCoy* holding applied to a state tax regime, its logic applies with equal (if not greater) force to the federal taxing scheme. The Fifth Circuit necessarily addressed directly how to read the added paragraph's discussion of section 6020 of title 26. The court would be unlikely to retreat from that analysis when presented with a set of facts that directly implicate section 6020. Anticipating consistency on the part of the circuit court, this court concludes that late-filed tax returns cannot be treated as filed, for purposes of section 523(a)(1), save for returns that comport with the requirements of section 6020(b) of title 26. The exception is a narrow one, and does not apply on the facts of the case *sub judice*.

## Conclusion and Order

Based on foregoing, the United States' motion for summary judgment is granted. The Debtor's late-filed tax returns do not constitute "returns" as that term is defined in section 523(a)(*). Accordingly, pursuant to section 523(a)(1)(B)(i), the underlying tax debts are not discharged under section 727(a)(1). It is SO ORDERED.

# # #